# EXHIBIT A

A3093\306083941.v1

## COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, SC**                                        **SUPERIOR COURT**

_____ )
MATTHEW E. NELSON AND                  )
SAMANTHA ADAMS                         )
                                       )
           _Plaintiffs,_           )       CA.
                                       )
                                       )       COMPLAINT
   vs.                                 )
                                       )       JURY TRIAL DEMANDED
SELECT PORTFOLIO SERVICING and         )
FEDERAL HOME LOAN MORTGAGE             )
CORPORATION, AS TRUSTEE FOR THE       )
BENEFIT OF THE FREDDIE MAC SEASONED   )
LOANS STRUCTURED TRANSACTION TRUST,)
SERIES 2019-2                          )
                                       )
           _Defendants._           )
_____ )

## **INTRODUCTION**

1.      The Plaintiffs, Matthew E. Nelson and Samantha Adams, bring this action as described in the paragraphs set forth herein. This Complaint alleges that Defendants, Select Portfolio Servicing ("SPS") and/or Federal Home Loan Mortgage Corporation, as Trustee for the Benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2016-2 (Freddie Mac), breached the terms of the Plaintiffs' Mortgage noted herein, given by Plaintiffs as secured by his real property located at 194 Drury Avenue, Athol, MA 01331.  The Defendants breached the mortgage contract in violation of M.G.L. c. 183 § 21 by sending a purported default notice that failed to strictly comply with Paragraph 22 the mortgage contract.  Plaintiffs allege that all default/right to cure notices described in this Complaint that were sent by Defendant SPS on behalf of the mortgagee Freddie Mac are invalid and resulted in a void acceleration and void foreclosure for violating M.G.L. c. 183 § 21.  Defendants' breach resulted in a void default notice pursuant to the

terms to the mortgage (paragraph 22), void acceleration, void foreclosure notice, void foreclosure auction pursuant to said mortgage, void foreclosure sale and void foreclosure deed.

2.      The Plaintiffs pray that this Honorable Court find that the Defendants breached the terms of the mortgage and further find that said default notice and acceleration are invalid and void.  In addition, said Plaintiffs ask that this Court find that any foreclosure sale conducted by the Defendants and foreclosure deed granted subsequent to the invalid default notice be declared null and void regardless of whether or not said invalid foreclosure deed was recorded.   Plaintiffs ask that this Honorable Court declare that any such default notice sent to the Plaintiffs as described in this complaint be null and void, declare that any acceleration of the mortgage pursuant to said default notice be null and void, declare that any notice of mortgagee's foreclosure sale made to the Plaintiffs subsequent to such void default notice and void right to cure notice be null and void, enjoin the Defendants from conducting any foreclosure auction or conveyance of the subject property and declare any foreclosure deed for said Plaintiffs null and void.  Plaintiffs also seek declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendants' wrongful acts.

## JURISDICTION AND VENUE

3.      This Honorable Court has subject matter jurisdiction as the subject property at issue is located in the Commonwealth of Massachusetts, and Plaintiffs resides at said subject property.

4.      Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is subject of the action is situated within the Commonwealth of Massachusetts.

## PARTIES

5.      Plaintiffs Matthew E. Nelson and Samantha Adams is a citizen of Massachusetts and the owners of the subject property located at 194 Drury Avenue, Athol, MA 01331.

6.      Defendant, Select Portfolio Servicing ("SPS"), is a residential mortgage servicing company, located at 3217 South Decker Lake Drive, Salt Lake City, UT 84119.  Plaintiffs hereby challenge the validity all erroneous and potentially deceptive and misleading default/ right to cure notices sent by SPS as described in this Complaint and all resulting foreclosure initiated and conducted subsequent to such notice.

7.      Defendant, Federal Home Loan Mortgage Corporation, as Trustee for the Benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2016-2 ("Freddie Mac"), is a purported trustee of a securitized mortgage-backed trust.  Freddie Mac is located at 8200 Jones Branch Drive, McLean VA 22102.

8.      At all times herein mentioned, Defendants, SPS and Freddie Mac both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

9.      Defendants, SPS and Freddie Mac had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

## ALLEGATIONS OF THE PLAINTIFFS

10.     Plaintiffs, Matthew E. Nelson and Samantha Adams, reside at and claim to be the owners of real property located 194 Drury Avenue, Athol, MA 01331, which is the subject property as referenced herein.

11.     On August 16, 2007, the subject property was granted to Plaintiffs Nelson. The Deed evidencing transfer of the ownership of the subject property was recorded in the Worcester Registry of Deeds in Book 41780 at Page 83 on September 10, 2007.

12.     On September 7, 2007, Plaintiffs Nelson granted a Mortgage loan, secured by the subject property, which was recorded in the Worcester Registry of Deeds in Book 41780 at Page 86 on September 10, 2007. (the Nelson Mortgage) The Mortgage named JP Morgan Chase Bank, N.A., as the Lender and Mortgagee.

13.     The Nelson Mortgage states at paragraph 22 as follows:

"22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

14.     Freddie Mac now claims to be the mortgagee of the Nelson Mortgage.

15.     Plaintiffs herein allege that prior to acceleration and prior to the foreclosure the Defendants never sent and that he never received notice in accordance with paragraph 22 of the Mortgage, a notice at the Property Address of "a) default; b) the action required to cure the default; c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and d) that failure to cure the default on or before the date….may result in acceleration". The notice further should have informed the Plaintiffs, with specificity, that he has a "right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense".

16.     Plaintiffs further allege that any notice sent purporting to state compliance with paragraph 22 of the Nelson Mortgage failed to contain the required information as described in said paragraph and further failed to state with specificity the conditions Plaintiffs Nelson was required to meet in order to exercise his right to reinstate the mortgage after acceleration pursuant to paragraph 19 of the Nelson Mortgage.

17.     As such, the Defendants failed to provide Plaintiffs proper Notice of Default or Notice of Acceleration in breach of the Nelson Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any attempt to accelerate, foreclose, and sell void.

18.     On March 23, 2022, Defendant Freddie Mac caused to be filed a Complaint in the Massachusetts Land Court pursuant to the Servicemembers Relief Act 50 USC c. 50 § 3901 et. seq. to determine Servicemember status of Plaintiffs for the purpose of initiating foreclosure action against Plaintiffs.  The action was assigned case # 22SM000799.

19.     On March 23, 2022, Defendant Freddie Mac filed in the Land Court Case a Mortgagee's Affidavit Under Chapter 206 of the Acts of 2007.  The Affidavit was signed under the pains and

penalties of perjury by the Defendant Freddie Mac and stated that the Plaintiffs were sent the attached notice pursuant to the Plaintiffs' 90 Day Right to Cure his Default under M.G.L. c. 244 § 35A.

20.     The notice attached to the Defendant Freddie Mac's sworn affidavit in the Land Court Case appears to be a form default/ right to cure Notice dated June 22, 2021 purporting to comply with M.G.L c. 244 §35A.   The Notice fails to inform the Plaintiffs of their "right to reinstate after acceleration and right to bring a court action".

21.     Also attached to the Defendant Freddie Mac's sworn affidavit in the Land Court Case appears to be an "Untitled Letter" that does not include a heading.   The "right to bring a court action" language appears on page 3 of the letter.

22.     The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

23.     The Untitled Letter attached to the Defendant Freddie Mac's sworn affidavit in the Land Court Case also states that "You have a right to reinstate after acceleration of your account **and commencement of foreclosure proceedings".**   This is not an accurate statement as well because in accordance with the Plaintiffs' unequivocal right to reinstate the mortgage after acceleration under Paragraph 22 of the Mortgage, the Plaintiffs do not have to wait for "commencement of foreclosure proceedings" in order to reinstate your mortgage once it is accelerated. Likewise Massachusetts does not require a judicial proceeding to initiate foreclosure.  It is further potentially deceptive because it could lead the Plaintiffs to sit on his right to reinstate the mortgage until foreclosure proceedings are commenced, leading to a potentially higher balance and higher

reinstatement amount since there will be more fees (attorneys fees, publication fees, auction fees) once a foreclosure is commenced. Therefore, the Notice's articulation of an additional condition of "the commencement of foreclosure proceedings" in order to reinstate the mortgage after acceleration, fails to strictly comply with Paragraph 22 of the Mortgage and renders any foreclosure conducted subsequent to such notice void.

24.     The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

25.     "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about his mortgage default is being provided that is a part of the default/right to cure notice". See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

26.     "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice. See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

27.     Plaintiffs alleges that the purported Default/ Right to Cure Notice and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the Mortgage. Therefore, the Defendants' notice is in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper"

default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to acceleration and foreclosure.

28.     Plaintiffs alleges that the notices sent purporting to state compliance with paragraph 22 of the Nelson Mortgage and the notice sent to the Plaintiffs failed to strictly comply with paragraph 22 of the mortgage.

29.     As such, the Defendants failed to provide the Plaintiffs proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

## <u>COUNT I</u>
## MORTGAGE POWER OF SALE

30.     Plaintiffs repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

31.     Massachusetts permits non-judicial foreclosure under the statutory power of sale contained at G. L. c. 183, § 21, so long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with. The statute states:

> Section 21. The following "power" shall be known as the "Statutory power of Sale", and may be incorporated in any mortgage by reference:
> (POWER)
> But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, **first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgage by the exercise of a power of sale**, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the

mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.

(Emphasis added).

32.    As emphasized above, the foreclosure by power of sale requires that a foreclosing bank must "comply [] with the terms of the mortgage…" G.L. c. 183, § 21.

33.    If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is void. <u>Freddie Mac Nat'l Ass'n v. Schumacher</u>, 467 Mass. 421, 428 (2014) ("Failure to comply strictly with the power of sale renders the foreclosure void.").

34.    The mortgage given by Plaintiffs, secured by the subject property states at 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

35.     Plaintiffs herein alleges that prior to acceleration and prior to the foreclosure the Defendants never sent and that he never received notice in accordance with paragraph 22 of the Mortgage, a notice at the Property Address of "a) default; b) the action required to cure the default; c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and d) that failure to cure the default on or before the date….may result in acceleration".  The notice further should have informed the Plaintiffs, with specificity, that they has a "right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense".

36.     As such, the Defendants failed to provide Plaintiffs proper Notice of Default or Notice of Acceleration in breach of the Nelson Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any attempt to accelerate, foreclose, and sell void.

37.     On March 23, 2022, Defendant Freddie Mac caused to be filed a Complaint in the Massachusetts Land Court pursuant to the Servicemembers Relief Act 50 USC c. 50 § 3901 et. seq. to determine Servicemember status of Plaintiffs for the purpose of initiating foreclosure action against Plaintiffs.  The action was assigned case # 22SM000799.

38.     On March 23, 2023, Defendant Freddie Mac filed in the Land Court Case a Mortgagee's Affidavit Under Chapter 206 of the Acts of 2007.  The Affidavit was signed under the pains and penalties of perjury by the Defendant Freddie Mac and stated that the Plaintiffs were sent the attached notice pursuant to the Plaintiffs' 90 Day Right to Cure his Default under M.G.L. c. 244 § 35A.

39.     The notice attached to the Defendant Freddie Mac's sworn affidavit in the Land Court Case appears to be a form default/ right to cure Notice dated June 22, 2021 purporting to comply with

M.G.L c. 244 §35A.  The Notice fails to inform the Plaintiffs of their "right to reinstate after acceleration and right to bring a court action".

40.     Also attached to the Defendant Freddie Mac's sworn affidavit in the Land Court Case appears to be an "Untitled Letter" that does not include a heading.  The "right to bring a court action" language appears on page 3 of the letter.

41.     The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

42.     The Untitled Letter attached to the Defendant Freddie Mac's sworn affidavit in the Land Court Case also states that "You have a right to reinstate after acceleration of your account **and commencement of foreclosure proceedings".**  This is not an accurate statement as well because in accordance with the Plaintiffs' unequivocal right to reinstate the mortgage after acceleration under Paragraph 22 of the Mortgage, the Plaintiffs do not have to wait for "commencement of foreclosure proceedings" in order to reinstate your mortgage once it is accelerated. Likewise Massachusetts does not require a judicial proceeding to initiate foreclosure.  It is further potentially deceptive because it could lead the Plaintiffs to sit on his right to reinstate the mortgage until foreclosure proceedings are commenced, leading to a potentially higher balance and higher reinstatement amount since there will be more fees (attorneys fees, publication fees, auction fees) once a foreclosure is commenced.  Therefore, the Notice's articulation of an additional condition of "the commencement of foreclosure proceedings" in order to reinstate the mortgage after acceleration, fails to strictly comply with Paragraph 22 of the Mortgage and renders any foreclosure conducted subsequent to such notice void.

43.     The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

44.     "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about his mortgage default is being provided that is a part of the default/right to cure notice".  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

45.     "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice.  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

46.      Plaintiffs allege that the purported Default/ Right to Cure Notice and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the Mortgage.  Therefore, the Defendants' notice are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to acceleration and foreclosure.

47.     Plaintiffs allege that the notices sent purporting to state compliance with paragraph 22 of the Nelson Mortgage and the notice sent to the Plaintiffs failed to strictly comply with paragraph 22 of the mortgage.

48.     As such, the Defendants failed to provide the Plaintiffs proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

49.     The Defendants' failure to comply with the terms of the mortgage is in violation of G. L. c. 183, § 21. The foreclosure is therefore void. <u>Freddie Mac Nat. Ass'n v. Ibanez</u>, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, § 21, must be strictly adhered to");

50.     As such, the Defendants failed to provide the Plaintiffs a strictly compliant Notice of Default/ Right to Cure, failed to comply with the Plaintiffs' unequivocal right to reinstate the Mortgage and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any default or right to cure notice, as well as any acceleration, any foreclosure notice, any foreclosure auction, and any foreclosure deed made subsequent to said void default/ right to cure notice void.

51.      Plaintiffs ask that this Honorable Court declare that any such default/ right to cure notice sent to the Plaintiffs by SPS as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said property of the Plaintiffs subsequent to such void default notice be null and void, declare that any foreclosure auction conducted subsequent to such void default notice be null and void, declare that any foreclosure deed granted subsequent to such void default notice be null and void, and enjoin the Defendant from conducting any foreclosure auction or conveyance of the subject property.

52.     The Plaintiffs are entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosure, and the attempted mortgagee's foreclosure sale of the subject property are all void.

53.     The Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in his property.

54.     The Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

55.     The Plaintiffs are entitled to be returned to his status and circumstances prior to the wrongful foreclosure and sale.

56.     The Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE

57.     Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

58.     As described above, the mortgage contract entered into by Plaintiffs constitutes a valid offer.

59.     Upon Plaintiffs executing the mortgage contracts and giving it to his Lender, the Lender accepted that offer.

60.     Alternatively, Plaintiffs' execution of the mortgage contract thereby giving a security interest in his properties to his Lender constitutes offers.  Acceptance of those offers occurred when Defendants accepted payments made by Plaintiffs pursuant to the mortgage contracts.

61.     The mortgage contract was supported by consideration.  Plaintiffs' payments to Defendants constitutes consideration.

62.     Plaintiffs and Defendants thereby formed valid contracts and Plaintiffs were, are, and remain ready willing and able to perform under said contracts.

63.    Defendants breached the mortgage contract of Plaintiffs by failing to keep its obligations pursuant to the terms as agreed to found at paragraphs 19 & 22 of the Mortgage which state in pertinent part:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

19. Borrower's Right to Reinstate After Acceleration.  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument.  Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the

Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. _Upon reinstatement_ by Borrower, this Security Instrument and _obligations_ secured hereby _shall remain fully effective as if no acceleration had occurred_.  However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

64.    In Massachusetts, a contract containing an obligation of the Lender is construed as a condition precedent, which requires strict compliance.

65.    In Massachusetts, a mortgagee agreeing to abide certain obligations pursuant to the mortgage before acceleration, foreclosure, and sale, must adhere to those obligations, with the level of specificity as agreed.

66.    In Massachusetts, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of paragraphs 19 & 22 of the mortgage is an obligation of the mortgagee. Failure send proper Notice of Default pursuant to paragraphs 22 & 19 as noted herein is a breach of mortgage contract renders any acceleration, attempted foreclosure, and sale of the subject property void.

67.    Plaintiffs herein allege that prior to acceleration and prior to the foreclosure the Defendants never sent and that he never received notice in accordance with paragraph 22 of the Mortgage, a notice at the Property Address of "a) default; b) the action required to cure the default; c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and d) that failure to cure the default on or before the date….may result in acceleration". The notice further should have informed the Plaintiffs, with specificity, that he has a "right to

reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense".

68.     Plaintiffs further allege that any notice sent purporting to state compliance with paragraph 22 of the Nelson Mortgage failed to contain the required information as described in said paragraph and further failed to state with specificity the conditions Plaintiffs Nelson was required to meet in order to exercise his right to reinstate the mortgage after acceleration pursuant to paragraph 19 of the Nelson Mortgage.

69.     As such, the Defendants failed to provide Plaintiffs proper Notice of Default or Notice of Acceleration in breach of the Nelson Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any attempt to accelerate, foreclose, and sell void.

70.     On March 23, 2022, Defendant Freddie Mac caused to be filed a Complaint in the Massachusetts Land Court pursuant to the Servicemembers Relief Act 50 USC c. 50 § 3901 et. seq. to determine Servicemember status of Plaintiffs for the purpose of initiating foreclosure action against Plaintiffs.  The action was assigned case # 21SM000311.

71.     On March 23, 2022, Defendant Freddie Mac filed in the Land Court Case a Mortgagee's Affidavit Under Chapter 206 of the Acts of 2007.  The Affidavit was signed under the pains and penalties of perjury by the Defendant Freddie Mac and stated that the Plaintiffs were sent the attached notice pursuant to the Plaintiffs' 90 Day Right to Cure his Default under M.G.L. c. 244 § 35A.

72.     The notice attached to the Defendant Freddie Mac's sworn affidavit in the Land Court Case appears to be a form default/ right to cure Notice dated June 22, 2021 purporting to comply with

M.G.L c. 244 §35A.  The Notice fails to inform the Plaintiffs of their "right to reinstate after acceleration and right to bring a court action".

73.     Also attached to the Defendant Freddie Mac's sworn affidavit in the Land Court Case appears to be an "Untitled Letter" that does not include a heading.  The "right to bring a court action" language appears on page 3 of the letter.

74.     The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

75.     The Untitled Letter attached to the Defendant Freddie Mac's sworn affidavit in the Land Court Case also states that "You have a right to reinstate after acceleration of your account **and commencement of foreclosure proceedings".**  This is not an accurate statement as well because in accordance with the Plaintiffs' unequivocal right to reinstate the mortgage after acceleration under Paragraph 22 of the Mortgage, the Plaintiffs do not have to wait for "commencement of foreclosure proceedings" in order to reinstate your mortgage once it is accelerated. Likewise Massachusetts does not require a judicial proceeding to initiate foreclosure.  It is further potentially deceptive because it could lead the Plaintiffs to sit on his right to reinstate the mortgage until foreclosure proceedings are commenced, leading to a potentially higher balance and higher reinstatement amount since there will be more fees (attorneys fees, publication fees, auction fees) once a foreclosure is commenced.  Therefore, the Notice's articulation of an additional condition of "the commencement of foreclosure proceedings" in order to reinstate the mortgage after acceleration, fails to strictly comply with Paragraph 22 of the Mortgage and renders any foreclosure conducted subsequent to such notice void.

76.     The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

77.     "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about his mortgage default is being provided that is a part of the default/right to cure notice".  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

78.     "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice.  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

79.     Plaintiffs allege that the purported Default/ Right to Cure Notice and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the Mortgage.  Therefore, the Defendants' notice are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to acceleration and foreclosure.

80.     Plaintiffs allege that the notices sent purporting to state compliance with paragraph 22 of the Nelson Mortgage and the notice sent to the Plaintiffs failed to strictly comply with paragraph 22 of the mortgage.

81.     As such, the Defendants failed to provide the Plaintiffs proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

82.     As such, there was no compliance with the terms of the mortgage which would have allowed the Defendants to exercise the statutory power of sale as indicated above.

83.     No default letter was sent to Plaintiffs pursuant to the terms of the mortgage. As such the Defendants could not exercise the statutory power of sale on his properties.

84.     Pursuant to the terms of the mortgage proper Notices of Default are a condition precedents to acceleration and the exercise of the statutory power of sale.

85.     Plaintiffs thus never received a default acceleration notices pursuant to the terms of his mortgage.

86.     Due to these failures to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale, foreclose, and sell the subject properties at mortgagee's foreclosure sale. These actions constituted breaches of the contract, resulting in damages to the Plaintiffs.

87.     As a result of the above noted improper and invalid exercises of the statutory power of sale and purported foreclosure sales, Plaintiffs' mortgage loan account was charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in his monthly mortgage statements.

88.     The Plaintiffs have incurred damages in hiring attorneys, in regard to the improper actions of Defendants in sending a Notices of Foreclosure Sale and seeking to conduct sales without first

complying with the terms of the mortgages in violation of G. L. c. 183, § 21 and in breach of his contracts.

89.     Plaintiffs have incurred legal fees for the prosecution of this action as a result of Defendants' violation of G. L. c. 183, § 21 due to the breaches of contracts by Defendants as noted herein.

90.     Plaintiffs have suffered harm and is threatened with additional harm from Defendants' breach, including but not limited to loss of property interest, higher principal balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to his account, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

91.     The Defendants' breach of contract and failure to comply with terms of the mortgages as noted herein above, are the direct cause of the harms alleged herein and not Plaintiffs' failure to make his mortgage payments.

92.     Therefore, Plaintiffs would not have suffered foreclosure, sale, or the harms as noted herein were it not for the Defendants' breaches of the mortgage contract as noted herein.

93.     The Defendants' failure to comply with the terms of the mortgages are a breach of the mortgage contract and also are in violation of G. L. c. 183, § 21. The foreclosure is therefore void. Freddie Mac Nat. Ass'n v. Ibanez, 458 Mass. 637, 647 (2011)

94.     The Plaintiffs are entitled to a declaratory judgment determining that the acceleration of all sums due under the notes, the foreclosure, and mortgagee's foreclosure sales of the subject properties are in breach of contract and all void.

95.     The Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in his property.

96.     The Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

97.     The Plaintiffs are entitled to be returned to his status and circumstances prior to any wrongful acceleration, foreclosure and sale.

98.     The Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: October 10, 2023                    Respectfully Submitted, Plaintiffs,
                                           By their Attorney,
                                           Todd S. Dion, Esq.


                                            /s/ Todd S. Dion
                                           Todd S. Dion, Esq. (659109)
                                           15 Cottage Avenue, Ste 202
                                           Quincy, MA 02169
                                           401-965-4131 Cell
                                           401-270-2202 Fax
                                           toddsdion@msn.com